# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Terron Lamar Bryant, ) | |
| ) | Case No.: 2:09-cr-796-PMD |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Terron Lamar Bryant moves to vacate, set aside, or correct his federal conviction and prison sentence under 28 U.S.C. § 2255 (ECF No. 67). The United States ("Government") has filed a motion to dismiss (ECF No. 71). For the reasons stated herein, the Court denies the Government's motion and orders briefing on the merits of Bryant's § 2255 motion.

In 2010, Bryant pled guilty to assaulting, robbing, and putting in jeopardy the life of a person having lawful custody of United States mail matter, *see* 18 U.S.C. § 2114(a), and to using and carrying a firearm during and in relation to a crime of violence, *see* 18 U.S.C. § 924(c). The Court sentenced Bryant to 46 months on the § 2114(a) charge and 84 consecutive months on the § 924(c) charge. Bryant did not appeal.

Bryant filed his § 2255 motion on June 9, 2016, alleging that his § 924(c) conviction and sentence are unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015). On August 24, the Government responded by filing its motion to dismiss, in which it argued Bryant's § 2255 motion is untimely. Bryant filed a response to the Government's motion two days later. Accordingly, the two motions are ripe for consideration.

18 U.S.C. § 924(c)(1)(A) provides for the punishment of anyone "who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who,

in furtherance of any such crime, possesses a firearm." "Crime of violence" in § 924(c)(1) means an offense that is a felony and—

> (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3). Bryant's § 2114(a) charge served as the predicate crime of violence for his § 924(c) charge.

Subsection 924(c)(3)(B) is known as a "residual clause." *See, e.g.*, *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). In *Johnson*, the Supreme Court declared unconstitutional a similarly worded residual clause in the Armed Career Criminal Act. 135 S. Ct. at 2563. Bryant argues that *Johnson*'s holding applies to § 924(c)(3)(B) and that § 2114(a) robbery does not fit within § 924(c)(3)(A). Consequently, he contends, his § 924(c) conviction and resulting sentence must be vacated.

Section 2255 sets a one-year limitation period for bringing claims. That period runs from the latest of—

> (1)  the date on which the judgment of conviction becomes final;
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The prisoner has the burden of showing his claims are timely under at least one of those four categories. *See Ramos–Martinez v. United States*, 638 F.3d 315, 325 (1st Cir.

2011) ("A habeas petitioner has the burden of adducing facts sufficient to show . . . that his petition should be treated as timely . . . .").

The Government argues Bryant's § 2255 motion is not timely under any of the categories. However, the motion is timely under § 2255(f)(3) because Bryant filed it less than a year after the Supreme Court issued *Johnson*, on which Bryant explicitly bases his claim, and the Supreme Court has held *Johnson* applies retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Consequently, the Government's motion is **DENIED**.

In its motion, the Government reserved its right to address the merits in the event that the Court found Bryant's § 2255 motion timely. Having so found, the Court directs the Government to file a response addressing the merits of § 2255 motion no later than February 1, 2017. Any response that Bryant may wish to file shall be due seven days after the Government files its brief.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**January 18, 2017**
**Charleston, South Carolina**

3