# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Terron Lamar Bryant, ) | |
| ) | Case No.: 2:09-cr-796-PMD |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Terron Lamar Bryant moves to vacate, set aside, or correct his federal conviction and prison sentence under 28 U.S.C. § 2255 (ECF No. 67). For the reasons stated herein, the Court denies Bryant's § 2255 motion.

## BACKGROUND

In 2010, Bryant pled guilty to assaulting, robbing, and putting in jeopardy the life of a person having lawful custody of United States mail matter, *see* 18 U.S.C. § 2114(a), and to using and carrying a firearm during and in relation to a crime of violence, *see* 18 U.S.C. § 924(c). The Court sentenced Bryant to 46 months on the § 2114(a) charge and 84 consecutive months on the § 924(c) charge. Bryant did not appeal.

Bryant filed his § 2255 motion on June 9, 2016, alleging that his § 924(c) conviction and sentence are unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015). On August 24, the Government responded by filing a motion to dismiss, in which it argued only that Bryant's § 2255 motion is untimely. The Court denied the motion to dismiss on January 17, 2017, and ordered further briefing on the merits. Thereafter, the Government filed a supplemental brief. Bryant did not file a reply. This matter is therefore ripe for consideration.

## APPLICABLE LAW

Bryant proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). On a motion to vacate, set aside, or correct a sentence under § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the district court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## DISCUSSION

18 U.S.C. § 924(c)(1)(A) provides for the punishment of anyone "who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." "Crime of violence" in § 924(c)(1) means an offense that is a felony and—

(A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Bryant's § 2114(a) charge served as the predicate crime of violence for his § 924(c) charge.

Subsection 924(c)(3)(B) is known as a "residual clause." *See, e.g.*, *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). In *Johnson*, the Supreme Court invalidated a similarly worded residual clause in the Armed Career Criminal Act. *See* 135 S. Ct. at 2563.

Bryant argues that *Johnson*'s holding applies to § 924(c)(3)(B) and that § 2114(a) robbery does not fit within § 924(c)(3)(A), which is known as a "force clause." *See Fuertes*, 805 F.3d at 498. Consequently, he contends, his § 924(c) conviction and resulting sentence must be vacated.

The Government responds that Bryant's § 924(c) conviction is still valid because *Johnson* does not invalidate § 924(c)(3)(B) and, in any event, § 2114(a) robbery fits within § 924(c)(3)(A). The Court agrees with the Government's second point and thus need not address the first.

The question here—whether § 2114(a) robbery fits within § 924(c)(3)'s force clause—has arisen in a several recent § 2255 cases. *See, e.g.*, *In re Watt*, 829 F.3d 1287, 1289–90 (11th Cir. 2016) (per curiam); *Fairnot-Woods v. United States*, No. 1:13-CR-127-TWT-JSA-2, 2016 WL 7192144, at *4 (N.D. Ga. Nov. 17, 2016), *report and recommendation adopted*, 2016 WL 7188174 (N.D. Ga. Dec. 12, 2016); *Jackson v. United States*, No. 1:14-CR-52-TWT-JSA-2, 2016 WL 7015713, at *3 (N.D. Ga. Oct. 25, 2016), *report and recommendation adopted*, 2016 WL 6995697 (N.D. Ga. Nov. 30, 2016); *Morrow v. United States*, No. 4:04-CR-29-TRM-SKL-2, 2016 WL 4146125, at *2 (E.D. Tenn. Aug. 3, 2016); *United States v. Enoch*, No. 15-CR-66, 2015 WL 6407763, at *3 (N.D. Ill. Oct. 21, 2015). The courts in each of those cases answered that question with "yes," and this Court has been unable to find a single opinion reaching the opposite conclusion.

This Court agrees with the conclusions and reasoning set forth in the above-cited opinions. To borrow a phrase from *Enoch*, "[i]t is beyond question that a robbery that puts a person's life in jeopardy by the use of a dangerous weapon" necessarily involves the use, attempted use, or threatened use of physical force. 2015 WL 6407763, at *3. Thus, even

assuming that *Johnson* invalidates § 924(c)(3)'s residual clause,[1] Bryant's § 924(c) conviction and sentence remain valid because his predicate offense of § 2114(a) robbery fits within § 924(c)(3)'s force clause.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Bryant's § 2255 motion is **DENIED**. The Court declines to issue a certificate of appealability.[2]

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**March 6, 2017**
**Charleston, South Carolina**

---

1. The Court expresses no opinion on that issue.

2. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the merits of his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Bryant has not satisfied that standard. Accordingly, the Court declines to issue a certificate of appealability. *See* R. 11(a), § 2255 Rules.